# EXHIBIT A

CMA CGM STEAMSHIP LINE
5701 LAKE WRIGHT DR
NORFOLK, VA 23502

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>—Steven B. Stein, Esq.  State Bar No. 528 29<br>Brady Law Group<br>1015 Irwin Street<br>San Rafael, CA 94901<br>TELEPHONE NO: 415-459-7300    FAX NO: 415-459-7303<br>ATTORNEY FOR (Name): Plaintiff, A. Diamond Production, Inc. | FOR COURT USE ONLY<br><br>ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>SEP 0 3 2019<br><br>CLERK OF THE COURT<br>BY:   SANDRA L. SCHIRO<br>                              Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
A. Diamopnd Production, Inc. vs. International Brokerage, Inc.

| CIVIL CASE COVER SHEET<br>☑ Unlimited      ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CGC-19-578936<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply) a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 3, 2019

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purpose.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220,
Cal. Standards of Judicial

SERVED BY: H.S.I - 757.868.5833
PERSON FOUND IN CHARGE
CMA CGM STEAMSHIP LINE
☑ AUTH
455557- 1

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court Judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

#### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>**DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per  party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available  to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no  equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this  program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐   Other ADR process (describe)_____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____
**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____
_____

_____      _____
Name of Party Stipulating                  Name of Party Stipulating

_____      _____
Name of Party or Attorney Executing Stipulation    Name of Party or Attorney Executing Stipulation

_____      _____
Signature of Party or Attorney                Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant    ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____             Dated: _____

☐  *Additional signature(s) attached*

ADR-2  10/18        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
International Brokerage, Inc.; Everport Terminal Services, Inc.; CMA
CGM Steamship Line; and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
A. Diamond Production, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER 19-578936 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEVEN B. STEIN, BRADY LAW GROUP, 1015 IRWIN ST., SAN RAFAEL, CA 94901   (415) 459-7300

| DATE: September 2019 | CLERK OF THE COURT Clerk, by | S. Schiro | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

SANDRA L. SCHIRO

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CMA CGM Steamship Line

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Steven B. Stein, Esq. (SBN 82829)<br>Brady Law Group<br>1015 Irwin Street<br>Ssan Rafael, CA 94901<br>TELEPHONE NO: 415-459-7300    FAX NO. *(Optional):*  415-459-7303<br>E-MAIL ADDRESS *(Optional):*  sbs@sbslawsf.com<br>ATTORNEY FOR *(Name):*  Plaintiff, A. Diamond Production, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA  94102
BRANCH NAME:

PLAINTIFF:  A. Diamond Production, Inc.

DEFENDANT:  International Brokerage, Inc.; Everport Terminal Services, Inc.; CMA CGM
Steamship Line;

[✓] DOES 1 TO 1-10

**CONTRACT**

| | |
|---|---|
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

**FILED**
San Francisco County Superior Court

SEP 0 3 2019

CLERK OF THE COURT
BY: Sandra  Lo..
Deputy Clerk

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [ ] does not exceed $10,000
                   [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
     [ ] from limited to unlimited
     [ ] from unlimited to limited

CASE NUMBER:

CGC-19-578936

1. Plaintiff* *(name or names):*
   A. Diamond Production, Inc.
   alleges causes of action against defendant* *(name or names):*
   International Brokerage, Inc.; Everport Terminal Services, Inc.; CMA CGM Steamship Line;
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      [✓] except plaintiff *(name):*
         (1) [✓] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe):*
         (3) [ ] other *(specify):*

   b. [✓] Plaintiff *(name):*
      a. [✓] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
         The Futon Shop
      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [✓] except defendant *(name):* Int. Brokerage, Inc.       [✓] except defendant *(name):* Everport Term. Services
         (1) [ ] a business organization, form unknown            (1) [ ] a business organization, form unknown
         (2) [✓] a corporation                                     (2) [✓] a corporation
         (3) [ ] an unincorporated entity *(describe):*            (3) [ ] an unincorporated entity *(describe):*
         (4) [ ] a public entity *(describe):*                     (4) [ ] a public entity *(describe):*
         (5) [ ] other *(specify):*                                (5) [ ] other *(specify):*

BY FAX
ONE LEGAL LLC

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Code of Civil Procedure, § 425.12

**PLD-C-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| A. Diamond Production, Inc. vs. International Brokerage, Inc., et al. | |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☑ Doe defendants *(specify Doe numbers):* 1-5 _____ were the agents or employees of the named
          defendants and acted within the scope of that agency or employment.
      (2) ☑ Doe defendants *(specify Doe numbers):* 6-10 _____ are persons whose capacities are unknown to
          plaintiff.
   c. ☑ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
     a. ☐ has complied with applicable claims statutes, *or*
     b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4:

7. This court is the proper court because
     a. ☑ a defendant entered into the contract here.
     b. ☐ a defendant lived here when the contract was entered into.
     c. ☐ a defendant lives here now.
     d. ☐ the contract was to be performed here.
     e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
     f. ☐ real property that is the subject of this action is located here.
     g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
     ☑ Breach of Contract
     ☐ Common Counts
     ☑ Other *(specify):*
        Negligence in the care, custody, control and management of plaintiff's property

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
     a. ☑ damages of: $ 37,295.00
     b. ☐ interest on the damages
        (1) ☑ according to proof
        (2) ☐ at the rate of *(specify):*     percent per year from *(date):*
     c. ☐ attorney's fees
        (1) ☐ of: $
        (2) ☐ according to proof.
     d. ☑ other *(specify):*

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
      All

Date: September 3, 2019

Steven B. Stein
_____    ▶    _____
   (TYPE OR PRINT NAME)                 (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| A. Diamond Productions, Inc.  vs. International Brokerage, Inc., et al. | |

First _____ **CAUSE OF ACTION—Breach of Contract**
*(number)*

**ATTACHMENT TO** ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* A. Diamond Production, Inc.

alleges that on or about *(date):* October 2018

a ☐ written ☑ oral ☐ other *(specify):*

agreement was made between *(name parties to agreement):*

The Futon Shop and each defendant named herein

☐ A copy of the agreement is attached as Exhibit A, or

☑ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☑ are as follows *(specify):*

Plaintiff made arrangements and entered into a contractual agreements with defendants, and each of them, for transport and delivery of a container of product to the Port of Oakland.

BC-2. On or about *(dates):* November 15, 2018 and thereafter

defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts *(specify):*

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement

☐ as stated in Attachment BC-4 ☑ as follows *(specify):*

Return of funds paid to release container in the sum of $37,295.00; consequential damages arising from breach of contract and negligence.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☐ according to proof.

BC-6. ☐ Other:

Second Cause of Action for Negligence: Defendants and each of them were negligent in the care, custody, control and management of plaintiff's property which was the subject of their contracts and agreements.

Page _____ 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

1

**ATTACHMENT TO COMPLAINT: 4C**

Defendant CMA CGM Steamship Line is a business organization, form unknown.

**ATTACHMENT TO COMPLAINT:  BC-2**

Plaintiff hired International Brokerage Inc. as its US Customs broker in 2014.  They had cleared several shipments over the past five years without any issues.

In late October 2018, plaintiff arranged for two containers scheduled to arrive at the Port of Oakland within days of one another.

Container APHU6498582 was scheduled to arrive on October 27th, 2018 and TCLU1807989 was scheduled to arrive on October 29th, 2018.  There was an error in the piece count for the shipments. The arrival notice showed the piece count for container TCLU1807989 as 430 pieces, while the arrival notice for container APHU6498582 also showed 430 pieces.  Either the shipper or the freight forwarder made the error.

There was obviously confusion about these shipments even prior to the containers arriving in port, as the freight forwarder, Esperanza emailed Terri on October 23th, 2018, inquiring if the piece count needed to be changed for container APHU6498582. The paperwork for container TCLU1807989 was not correct and needed to be reissued with the correct piece count of 764.

On October 24th, 2018, Esperanza Lopez at Cargo Partners emailed Terri Hoeffs at IBI providing notification of arrival for the container, October 23, 2018 for TCLU1807989 and October 31, 2018 for APHU6498582.

In this same email string, Terri asked Esperanza who is taking care of the delivery and Esperanza directly states that IBI will be responsible for arranging the delivery to the consignee's door.

The trucking company that IBI had used up to this point was United Port Logistics. Plaintiff changed to the trucking company, AB trucking, because the previous trucking company, selected by the broker (United Port Logistics), missed delivery appointments on four consecutive days and attempted to charge for the late container fees.

After this happened, Terri suggested that plaintiff select another trucker as she was unfamiliar with anyone else in Oakland.  Plaintiff had done business in the past with AB Trucking and was familiar with their service, so plaintiff requested for Terri to reach out to them.  Plaintiff provided Terri with the name of the company and the contact telephone number and instructed her to contact them to schedule the pickup of the container and to deliver it to us.

2

Terri at IBI sent the pickup order for both containers to the incorrect email address, dispatch@abtrucking.com.

The correct email address is dispatch@abtruck.com.  **When Terri finally received the correct email address, she re-submitted the pickup for only the TCLU1807989 container and did not submit the pickup order to trucking company, AB Trucking for APHU6498582.**

Freight forwarder, Cargo Partners, notified IBI on November 15th, that the container needed to be picked up, but according to Esperanza Lopez at Cargo Partners, she was told the shipment had already been picked up on November 12th, 2018.

The President of the trucking company AB Trucking, Bill Aboudi, further confirmed that he only received the pickup order for one container, that being TCLU1807989, and that the pickup order was not received from IBI until November 16th, one day after the freight forwarder advised her that the APHU6498582 container was still at the port.

A document provided by Terri at IBI showing an email was sent on Wednesday, November 14th regarding picking up container APHU6498582.  However, neither Bill or the plaintiff can confirm receipt of this email correspondence and it shows an identical reply to the pickup request that was sent on November 16th, 2018 for container TCLU1807989.

Because the US Customs broker notified the freight forwarder the container had already been picked up from the port, the freight forwarder closed their file on container APHU6498582 and stopped sending alerts to our broker or plaintiff. Lee Tyler at CMA-CGM, the steamship line, he noted that the port was not sending out notifications as well.

This communication of incorrect information with the freight forwarder on November 15th along with Terri sending the pickup orders to the incorrect email addresses and not following up with the trucking company when only one pickup confirmation was provided was a substantial cause for this missed pickup and non-communication from the freight forwarder.  These two errors resulted in a required payment of $37,295.00 in demurrage fees.

Thetan Ariyamitr
The Futon Shop
2150 Cesar Chavez St.
San Francisco, CA 94124

CASE NUMBER: CGC-19-578936 A DIAMOND PRODUCTION INC. VS. INTERNATIONAL BR

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:      FEB-05-2020

TIME:      10:30AM

PLACE:     Department 610
           400 McAllister Street
           San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.